J-S61014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL LUCAS | : | |
| | : | |
| Appellant | : | No. 826 EDA 2019 |

Appeal from the PCRA Order Entered February 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009686-2014

BEFORE: BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 22, 2019**

Daniel Lucas appeals from the February 28, 2019 order dismissing his second PCRA petition as untimely. We affirm.

On June 18, 2014, Appellant approached David Miles carrying a concealed handgun and shot him in the head, killing him instantly. On April 1, 2015, Appellant entered a negotiated guilty plea to third-degree murder, possession of an instrument of crime, and carrying a firearm without a license. The trial court sentenced him to twenty-five to fifty years of imprisonment.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] In exchange for Appellant's guilty plea, the Commonwealth agreed to *nolle prosse* one firearms charge and recommend an aggregate sentence of twenty-five to fifty years of imprisonment.

Appellant filed a motion for reconsideration of sentence, which the court denied on April 8, 2015. He did not file a direct appeal. On September 25, 2015, Appellant filed a timely *pro se* PCRA petition. He alleged that his sentence was illegal under **Alleyne v. United States**, 570 U.S. 99 (2013). Counsel was appointed, and filed a **Turner**/**Finley**[2] no-merit letter, in which he addressed the issue raised in the petition, stated why it lacked merit, and sought leave to withdraw. The PCRA Court issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, and Appellant filed two responses to the notice in which he sought leave to amend to plead that trial counsel was ineffective, *inter alia*, in failing to file a direct appeal. The PCRA court dismissed the petition and granted counsel's motion to withdraw without granting leave to amend.

On appeal, Appellant raised both his illegal sentencing claim and the claim that he had been abandoned by trial counsel for purposes of filing a direct appeal. This Court affirmed, finding that since Appellant was never granted leave to amend his petition to include the ineffectiveness claim, it was not preserved. **Commonwealth v. Lucas**, 190 A.3d 686 (Pa.Super. 2018) (unpublished memorandum). Furthermore, Appellant had not received a mandatory minimum sentence, and thus, his illegal sentencing claim under

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

*Alleyne* lacked merit. *Id*. Our Supreme Court denied *allocatur*. *Commonwealth v. Lucas*, 199 A.3d 346 (Pa. 2018).

Appellant filed this second *pro se* PCRA petition on January 7, 2019. He alleged therein that trial counsel was ineffective for failing to file a direct appeal. The PCRA court issued notice of its intent to dismiss the petition, and Appellant filed a response on February 5, 2019. The court dismissed the petition as untimely filed on February 28, 2019, and this appeal followed. Appellant raises one issue for our review:

> Argument #1: Was the Appellant denied his constitutional right of appeal, either due to prior counsel's abandonment, or ineffectiveness, and did the trial court fail to apply the appropriate standard of review in determining if in fact counsel failed to appeal. (The record being blank on the issue). And no hearing was held. Appellant was not allowed to defend his petition, and there is no record for this Court[']s independent review.

Appellant's brief at 3 (unnecessary capitalization omitted).

In reviewing the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa.Super. 2017). The PCRA court ruled that the within petition was untimely. Since the timeliness of the petition implicates our jurisdiction, we must address that threshold issue first. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super. 2013).

The law is well settled that a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment

of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Judgment of sentence becomes final at the conclusion of direct review, or at the expiration of the time for seeking the review. In the instant case, Appellant filed a timely motion for reconsideration of sentence, which the court denied on April 8, 2015. He had thirty days in which to file a direct appeal, which he did not do. Hence, Appellant's judgment of sentence became final on May 8, 2015, when the time expired to file a direct appeal. Any PCRA petition, in order to have been timely, had to be filed within one year of that date, *i.e.*, on or before May 8, 2016.

The instant petition filed on January 7, 2019, is patently untimely. However, if Appellant has timely pled and proven one of the limited exceptions to the one-year time bar for filing the petition set forth in 42 Pa.C.S. § 9545(b)(1)(i-iii), we can entertain the merits of the petition. Those exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b).

After a thorough review of Appellant's brief and response to Rule 907 notice, we find that he has failed to invoke an exception to the PCRA time-bar. Rather, he relies solely on allegations that "there has been a miscarriage of justice." Hence, his petition is untimely and we lack jurisdiction to review the merits of Appellant's claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/19